Argued and submitted April 17, 1981, reversed February 22, 1982

## OREGONIANS AGAINST TRAPPING,
### *Appellant,*

*v.*

## OREGON STATE DEPARTMENT OF AGRICULTURE et al,
### *Respondents.*

*and*

## OREGONIANS FOR WILDLIFE CONSERVATION,
### *Intervenor - Respondent.*

### (No. 119880, CA 19259)

641 P2d 72

James J. MacAfee, Monmouth, argued the cause and filed the briefs for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents Oregon State Department of Agriculture, Leonard Kunzman, Director; and the Oregon Sheep Commission, Douglas Chambers, Chairman, Ed Ross, Commodity Commission Coordinator. On the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Malcolm L. Brand, Salem, waived appearance for intervenor - respondent Oregonians for Wildlife Conservation.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is an appeal from a judgment dismissing plaintiff's suit in a declaratory judgment proceeding. The dismissal was ordered after plaintiff's motion for summary judgment was denied and defendants' and intervenor's motions were allowed.

Plaintiff is a political organization which was engaged in a campaign to pass an initiative banning the use of leg hold traps in the November, 1980, election. Defendant Oregon Sheep Commission is a state agency operating under the authority of the Oregon State Department of Agriculture. It generates funds by collecting assessments on wool produced in the state. Early in 1980, the Commission published a newsletter which stated it was planning to contribute $5000 to Oregonians for Wildlife Conservation, a political action committee opposing the initiative measure.

Plaintiff initially filed a petition for a declaratory ruling by the Director of the State Department of Agriculture, pursuant to ORS 183.410.[1] The request was denied. Plaintiff immediately filed for reconsideration of its petition, and the Director again denied plaintiff's request. Plaintiff sought judicial review pursuant to ORS 183.484 and 183.490 in Marion County Circuit Court by filing a complaint against the Department and the Commission. Plaintiff also sought a declaratory judgment, alleging that the proposed political contribution was an expenditure of public funds not authorized by statute and was, therefore, illegal. Oregonians for Wildlife Conservation intervened in the case. All parties filed motions for summary judgment. The trial court denied plaintiff's motion and granted those of defendants and intervenor.

At the outset, defendants raise the question of jurisdiction and the scope of review in the circuit court. They contend that, because ORS 183.410 gives the Director discretion to issue a declaratory ruling, he could not be

---

[1] ORS 183.410 provides, in relevant part:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. * * *"

required to do so. That contention appears to us to be correct, and when plaintiff's request was twice denied, it had exhausted its administrative remedies. Having done so, plaintiff was entitled to seek declaratory relief under ORS chapter 28. Plaintiff's complaint included an action for declaratory judgment under ORS chapter 28, and defendants do not challenge the circuit court's jurisdiction to give a declaratory judgment.[2]

Plaintiff first takes issue with the trial court's finding that the assessments collected by the Commission are not public funds. ORS 577.785(1) provides:

"In order for the commission to carry out the provisions and the intent of ORS 577.700 to 577.795, the commission shall assess, levy and collect an assessment established by the commission not to exceed one and one-half cents per pound on all wool, in the grease basis, sold through commercial channels. * * *"

The Commission is a public body created by the legislature. Its only authority to collect the assessments is that given it by the legislature. Disposition of the funds collected (under ORS 577.790), limitation on expenditures (under ORS 577.770), and requirement of compliance with budgetary laws (under ORS 577.765) are all subject to legislative directives. We hold that the funds collected pursuant to ORS 577.785 are public funds.

Plaintiff then argues that the act of making political contributions from public funds exceeds the scope of authority granted the Commission by the legislature. ORS 577.730(3).[3] Defendant counters with the argument that it makes no difference whether the assessments are public funds, because the legislature gave the Commission

---

[2] Defendant raised below the issue of plaintiff's standing to bring a declaratory judgment action, but it did not pursue this matter on appeal.

[3] ORS 577.730 provides, in relevant part:

"The commission has the authority to:

"* * * * *

"(3) Study legislation, state and federal, with respect to tariffs, duties, reciprocal trade agreements, import quotas and other matters relating to the sheep and wool industry, and represent and protect the interests of the sheep and wool industry with respect to any legislation or proposed legislation or executive action which may affect that industry."

authority to expend them in this manner. Defendant relies on ORS 576.305(3).[4] The statutes are almost identical, but ORS 577.730(3) applies specifically to the sheep commission.

The narrow issue before us is whether the language of either statute empowers the Commission to expend public funds by giving them to a political action committee. We hold that it does not. The Commission itself is given authority to "represent and protect the interests of the sheep and wool industry." Neither ORS 576.305(3) nor ORS 577.730(3) expressly, or by implication, gives the Commission authority to give public funds to a third party to use for its own purposes, even though those purposes may coincide with the Commission's statutory function.

The decision of the trial court is reversed.

---

[4] ORS 576.305 provides, in relevant part:

"The commission may:

"* * * * *

"(3) Study legislation, state and federal, with respect to tariffs, duties, reciprocal trade agreements, import quotas and other matters concerning the effect on the commodity industry, and represent and protect the interests of the commodity industry with respect to any legislation or proposed legislation or executive action which may affect that industry."